## LIZASO v. UNITED STATES.
### No. 7086.

Circuit Court of Appeals, Ninth Circuit.
June 5, 1933.

J. R. Smead, of Boise, Idaho, for appellant.

H. E. Ray, U. S. Atty., and Ralph R. Breshears, W. H. Langroise, and Sam S. Griffin, Asst. U. S. Attys., all of Boise, Idaho, for the United States.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the order of the trial court declaring a Ford coupé automobile forfeited and directing the same to be turned over to the Department of Justice for the use of the Bureau of Prohibition. That the automobile was being used by the appellant for the unlawful transportation of intoxicating liquor consisting of a gallon jug of whisky is admitted. The appellant pleaded guilty to the offense of transporting the intoxicating liquor, but contends that the seizure is unlawful by reason of the fact that the automobile was not seized while engaged in transportation. It appears that on April 9, 1932, the officers of the prohibition department saw the appellant leave his premises in the automobile in question; that they followed him for a number of blocks around the city of Boise, Idaho, because by reason of prior observation of him they came to the conclusion that he was engaged in illicit liquor traffic. The appellant, evidently suspecting that he was being followed, threw the whisky overboard. The prohibition enforcement officers, instead of following the machine and arresting the appellant, stopped and examined the broken jug and its contents confirming their suspicions that it contained whisky, and then, instead of following the automobile, which had disappeared from view, they returned to the place where the appellant had been staying. They searched his premises and found seventeen gallons of whisky. About an hour later the defendant returned to these premises in another automobile. On the demand of the prohibition officers the defendant went back to his Ford automobile and returned with it, whereupon it was seized by the officers.

Appellant's sole contention is that at the time of the seizure the automobile was no longer engaged in the illegal transportation of liquor for the obvious reason that the liquor had been thrown overboard.

Although the point is stressed that an hour and a half elapsed between the seizure of the automobile and the time when it was transporting liquor, and it is contended that the officers had abandoned pursuit and had engaged in an entirely different undertaking, namely, search of the premises of the appellant, the reasoning advanced to support the conclusion would terminate the right of the officers to seize the automobile at the instant the whisky jug left the automobile, and, of course, up to that instant the seizure would have been unlawful unless the officers had reasonable cause to believe that the appellant was transporting whisky.

We do not think the law justifies so narrow a construction. It has frequently been held that the automobile must be engaged in transportation of intoxicating liquor be-

fore it can be seized, but there is no question upon that point in this case, 27 USCA § 40. The statute directs that, having discovered the appellant in the act of transporting intoxicating liquor in an automobile, it thereupon became the duty of the officer to seize the automobile and the intoxicating liquor and to arrest the appellant. If the appellant had remained at the place where the liquor was thrown overboard, the arrest of the defendant and seizure of the liquor and automobile might have been simultaneous. Having thrown the liquor overboard and fled with the machine and later left his machine, it is impossible for the three requirements of the statute to be simultaneously observed.

In the case at bar, the officers, in seizing the automobile, were pursuing their statutory duty. The fact that they occupied their time while they were awaiting the anticipated return of the appellant to his headquarters in searching the place is entirely immaterial. There are expressions in some of the cases dealing with the question of seizure of vehicles used in transporting intoxicating liquor to the effect that the vehicle must be seized while engaged in the transportation, but the point is not involved, and the statute does not so require.

Order affirmed.